ALLIED INVESTMENT CREDIT CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allied Inv. Credit Corp. v. Commissioner
Docket No. 3737-73
United States Tax Court
T.C. Memo 1975-2; 1975 Tax Ct. Memo LEXIS 371; 34 T.C.M. (CCH) 6; T.C.M. (RIA) 750002; January 6, 1975, Filed. Alan D. Greenberg, for the petitioner. Robert N. Armen, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This motion for summary judgment was assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below. [1]
*373 OPINION OF THE COMMISSIONER This case is presently before the Court on respondent's motion for summary judgment filed on July 18, 1974, pursuant to Rule 121, Tax Court's Rules of Practice and Procedure.
Respondent determined a deficiency in petitioner's Federal income for its fiscal year ended September 30, 1970, in the amount of $4,067.47. That deficiency was predicated solely on the disallowance of a deduction for a contribution to a profit-sharing trust. The correctness of that disallowance, as a matter of law, is the sole issue presented by respondent's motion. The factual background, as to which there is no genuine issue of material fact, may be summarized as follows.
Petitioner is a corporation engaged in the business of commercial financing, which was organized under the laws of the State of Ohio, with its principal office in Cleveland, Ohio. The return for its fiscal year ended September 30, 1970, was filed with the district director at Cleveland. It uses the accrual method of accounting and operates on the basis of a fiscal year ending on September 30. In late 1968 or early 1969, petitioner established a profit-sharing plan and a related trust. The plan *374 was deemed "qualified" under section 401(a) of the Internal Revenue Code of 1954, [2] and the trust exempt from taxation under section 501(a) by the Cleveland District Office of the Internal Revenue Service in a determination letter dated March 21, 1969. On December 4, 1970, petitioner's board of directors authorized a contribution in the amount of $8,400 to be made to the trust. On December 9, 1970, petitioner paid said $8,400 to the trust. At that time, the employees' rights to the contribution were fully vested and nonforfeitable. Petitioner deducted the $8,400 on its return for its fiscal year ended the previous September 30 of 1970. On December 8, 1970, petitioner's board of directors passed a resolution, which provides as follows: BE IT RESOLVED THAT: If, for any reason, Internal Revenue Service shall at any time in the future, determine that contributions made by this corporation to the Allied Investment Credit Corporation Profit Sharing Trust were made to a non-exempt Profit Sharing Trust, then these contributions shall be construed as having been made *375 not to a Employee's Profit Sharing Trust, but rather to a Simple Trust for the benefit of only those employees who chose to have part of their compensation paid to said Simple Trust. It was subsequently determined that petitioner's profit-sharing plan was not being administered in accordance with section 401, and on September 12, 1972, the Cleveland District Office revoked the above-mentioned favorable determination letter, as well as the exemption for the related trust, for the fiscal year ended September 30, 1969, and for all fiscal years thereafter. As a consequence of the revocation, petitioner's profit-sharing plan became a nonqualified plan from its inception, and the related trust lost its tax-exempt status under section 501(a). Petitioner has not alleged any error as to respondent's action in revoking his prior favorable determination; and the indications in the record are that petitioner's representatives agreed with that action. Only two of petitioner's employees participated in its profit-sharing plan, its vice president and its secretary; and a separate account under the plan was maintained for each of them. The taxable years of those employees were calendar years. *376 Section 404(a) provides that "[if] contributions are paid by an employer to or under a * * * profit-sharing * * * plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 * * * or section 212 * * *; but, if they satisfy the conditions of either of such sections, they shall be deductible under this section * * *" Respondent states on brief that he is satisfied that the $8,400 contribution involved herein fulfills the requirements of section 162, so that section 404(a) will apply. The deduction for contributions to or under a nonqualified profit-sharing plan (such as is involved here) is provided for in paragraph (5) of section 404(a), which provides that contributions to or under such a plan are deductible "in the taxable year in which an amount attributable to the contribution is includible in the gross income of employees participating in the plan." That provision effectively requires a determination of the time when the participating employees must pick up the contributions in their incomes. Section 402(b) deals with the "Taxability *377 of Beneficiary of Nonexempt Trust," and it provides that: [contributions] to an employees' trust made by an employer during a taxable year of the employer which ends within or with a taxable year of the trust for which the trust is not exempt from tax under section 501(a) shall be included in the gross income of the employee in accordance with section 83 * * * Turning then to section 83, subsection (a) thereof provides in substance that if property is transferred in connection with the performance of services, then the value thereof is includible in the employees' gross income in the taxable year in which the employees' rights therein became nonforfeitable or transferable. Subsection (h) of section 83 deals with the deduction by the employer, and it provides in substance that a deduction shall be allowed for the taxable year of the employer in which or with which ends the taxable year in which the value of the transferred property is included in the gross income of the employees.
In the present case, the employees' rights vested immediately and were nonforfeitable when the $8,400 contribution was paid by petitioner to the trust on December 9, 1970. Thus, that amount is includible *378 in the employees' gross incomes on their returns for the calendar year 1970. Under section 404(a) (5), the deduction is, accordingly, allowable to petitioner for its taxable fiscal year ended September 30, 1971, and not September 30, 1970, for the reason that such employees' taxable year ended on December 31, 1970, a date which falls within petitioner's fiscal 1971 and not its fiscal 1970. We look to see if the resolution adopted by petitioner's board of directors on December 8, 1970, quoted above, alters a result so manifestly in accord with the statutory scheme. We do not believe that it does. Deduction must be had under section 404(a) (5), with the limitations and conditions spelled out above, rather than under section 162, "[if] contributions are paid by an employer to or under a * * * profit-sharing * * * plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation * * *." The evidence is clear that at the very least the compensation to the employees, represented by the $8,400, when it was paid to the trust, was deferred as to them in its receipt. Moreover, the December 8, 1970, resolution, upon which petitioner *379 relies, did not become operative until September of 1972, when the Service's initial favorable determination as to the plan was revoked, along with the nonexempt status of the related trust. Also, at the time that contribution was made on Decmeber 9, 1970, there was a viable profit-sharing plan and trust; and indeed, unless the resolution of December 8, can be regarded as killing them both retroactively, that plan and that trust retained viability, although of a "nonqualified for Federal income tax purposes" sort, even after the revocation by the Service in September 1972. The resolution does not by its terms even purport to kill the plan and the trust; all that it says is that the contributions will be construed as having been made to a "Simple Trust." That is not the fact as to what happened, and we will not permit such ex post facto legerdemain to be given effect so as to alter the situation which in fact existed. We hold that respondent correctly disallowed the claimed deduction for the contribution on petitioner's income tax return for the taxable year ended September 30, 1970. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order *380 and decision will be entered. Footnotes
1. Since this is a pretrial motion for summary judgment and there is no genuine issue of material fact, the Court has concluded that the post trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing on September 4, 1974. Respondent has filed a brief in support of his motion. Petitioner, although afforded the opportunity to file a brief, has not done so. 2. All section references herein are to the Internal Revenue Code of 1954, as amended. ↩